**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL LOUIS FOSTER,

          Plaintiff–Appellant,

v.

A. ENENMOH,

          Defendant–Appellee.

No. 14-15348

D.C. No. 1:08-cv-01849-LJO-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted May 9, 2016
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Michael Louis Foster, a California state prisoner, brought this suit under 42

U.S.C. § 1983, claiming that Dr. A. Enenmoh had been deliberately indifferent to

his serious medical needs, in violation of the Eighth Amendment's prohibition on

cruel and unusual punishment. Foster claimed that Dr. Enenmoh knew that

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

Metamucil was the only medicine that treated his chronic constipation effectively but refused to prescribe or approve it only because it was removed from the prison system's formulary. After a two-day trial, a jury returned a verdict in favor of Dr. Enenmoh. Foster appeals from the jury verdict and judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On appeal, Foster argues only that the district court abused its discretion in denying his pretrial motion for the appointment of a neutral expert witness under Federal Rule of Evidence 706. The district court's order denying Foster's motion was not legally erroneous, and the evidence in this case was not so complex that appointment of a neutral expert witness was required. We therefore find no abuse of discretion. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc) (holding that a district court abuses its discretion if it commits legal error or if its resolution of a motion is "illogical, implausible, or without support in inferences that may be drawn from the facts in the record"); *Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters."); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (finding the district court's decision to appoint a neutral expert witness under

Federal Rule of Evidence 706 "appropriate" where the court faced "confusing" and "contradictory evidence about an elusive and unknown disease").

**AFFIRMED.**